UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60325-CIV-DIMITROULEAS/ROSENBAUM

THOSE CERTAIN UNDERWRITERS
AT LLOYD'S, LONDON, AND
LONDON MARKET INSURANCE
COMPANIES SUBSCRIBING TO
CERTIFICATE NUMBER
SUA 0020093,

       Plaintiffs,

v.

GMC LAND SERVICES, INC.,
d/b/a RICHMOND ABSTRACT,
a Florida corporation, OLD REPUBLIC
NATIONAL TITLE INSURANCE
COMPANY, a Minnesota corporation,
STEWART TITLE GUARANTY
COMPANY, a Texas corporation,

       Defendants.
_____/

## ORDER

This matter is before the Court on Defendant, Old Republic National Title Insurance Company's ("Old Republic") Reply to Plaintiffs' Response to Court's Order to Show Cause, and Incorporated Memorandum of law ("Motion for Sanctions") [D.E. 73].  The Motion for Sanctions was referred to the undersigned for consideration by an Order of Reference entered by the Honorable William P. Dimitrouleas pursuant to Title 28, United States Code, Section 636. [D.E. 78].  The Court has fully reviewed the Motion for Sanctions, Plaintiffs' Response in Opposition to Defendant, Old Republic's, Reply to Court's Order to Show Cause [D.E. 77], and the court file.  The Court has also reviewed Plaintiffs' Notice Of Filing Notarized Affidavit of Doune Robinson in Support of

Response in Opposition to Defendant Old Republic's Reply to Court's Order to Show Cause and Incorporated Memorandum of Law ("Robinson Affidavit"). [D.E. 79].[1] After reviewing the Motion, Response, Doune Affidavit, and the file in this case, the Court finds as follows:

1. On October 11, 2007, the parties attended mediation in front of mediator Rodolfo Sorondo, Jr., Esq. [D.E. 73, Ex. A; D.E. 77]. Corporative representative Donna M. Roberts and counsel for Old Republic, Robert A. Cohen, Esq., and Aaron C. Wong, Esq., appeared at the mediation on behalf of Defendant Old Republic, and Lawrence A. Saichek, Esq., Receiver, [D.E. 73, Ex. A], attended on behalf of Defendant GMC Land Services, Inc., d/b/a/ Richmond Abstract. Appearing on behalf of Plaintiffs were Alan S. Rosenberg, Esq., and John Silk, Esq. [D.E. 73, A].

2. Defendant Old Republic alleges in its Motion for Sanctions that Plaintiffs failed to attend mediation because no corporate representative with proper settlement authority participated in the October 11, 2007, mediation. [D.E. 73]. According to Old Republic, only Plaintiffs' counsel appeared at the mediation. [D.E. 73]. Old Republic alleges that Plaintiff's conduct is sanctionable conduct because (a) it violated Paragraph 6 of this Court's Trial Order dated November 9, 2006 [D.E. 16], incorporating Local Rule 16.2, requiring a party's attendance at the mediation with a "corporate representative and any other required claims professionals" with "full authority to negotiate a settlement," as well as Federal Rule of Civil Procedure 16, which provides for an award

---

[1] The Court notes that both of these filings [D.E. 73, 77] are in response to an Order to Show Cause issued to the Plaintiffs by this Court on October 2, 2007 [D.E. 64], as to why a mediation had not taken place by September 16, 2007, pursuant to this Court's Order on November 9, 2006. [D.E. 16]. Both the Defendant Old Republic and Plaintiffs argue that the failure of the mediation to take place by September 16, 2007, was the fault of the other party in each of its respective motions. [D.E. 77, 79]. However, the failure to comply with the Court's Order on November 9, 2006, directing the scheduling of a mediation before September 16, 2007 [D.E. 16], is not the basis for Defendant's Motion for Sanctions or Plaintiffs' Response, and thus, is not addressed in this Order.

of sanctions for failure to comply with a court's order; and (b) it contravened the Plaintiffs' Underwriters Notice of Mediation dated September 10, 2007, where Underwriters stated that "[t]he client or representative of the client with full authority to settle, other than counsel, should be present. If insurance is involved, a representative of the insurance company shall be present with full authority to settle up to the policy limits or the Plaintiff's last demand, whichever is less." [D.E. 73, Ex. B]. Old Republic also alleges that Plaintiffs represented that a corporate representative, other than its counsel, would be present at the mediation and failed to provide such a representative at the mediation. [D.E. 73, Ex. B]. Defendant Old Republic requests attorneys' fees and costs in preparing for attending the mediation held on October 11, 2007.

3.      In their response, Plaintiffs argue that Plaintiffs, in fact, did attend the mediation with their counsel and a "claims professional" who had proper settlement authority, pursuant to the Court's November 9, 2006, Order. [D.E. 77]. More specifically, Plaintiffs note that as indicated in the mediator's report [D.E. 73, Ex. A], John Silk, Esq., among others, participated on behalf of Plaintiffs in the mediation. Although Mr. Silk happens to be an attorney at the law firm of Karbal Cohen Economou Silk Dunne, LLC [D.E. 77], Plaintiffs note that the particular underwriters who underwrote Defendant Richmond Abstract's policy ("Policy") do not employ claims staff in the United States. Robinson Affidavit, at ¶¶3-4. Rather, these underwriters have arranged for Mr. Silk to handle claims on their policies that arise in the United States. *See id.* at ¶4. Plaintiffs further explain that consistent with Mr. Silk's role, before and during the mediation in this case, Mr. Silk "had [Plaintiffs'] authority to negotiate on [Plaintiffs'] behalf and, in fact, had full policy limits authority." *Id.* at ¶5. In support of their representation that Mr. Silk does not serve as counsel before the Court in the instant matter but rather is effectively the face of Plaintiffs in the United States,

3

Plaintiffs point out that unlike counsel in the pending matter, Mr. Silk had to fly in from Chicago, Illinois, to attend the mediation. As further evidence of Mr. Silk's duties on behalf of Plaintiffs, Plaintiffs attached to their Response a document entitled, "Professional Services Liability Policy." [D.E. 77, Ex. 3]. This document shows that any notice required to be served on Plaintiffs by the Policy is to be served on Mr. Silk. *Id.* In addition, Plaintiffs represent that Mr. Silk was listed as a witness in Underwriters' Rule 26 disclosures, dated January 9, 2007, because he was involved in the claim handling process for Defendant Old Republic's claim against Defendant Richmond Abstract. [D.E. 77, Ex. C]. According to Plaintiffs, prior to October 11 mediation, Plaintiffs also contacted counsel for Defendant Old Republic on October 9, 2007 and "advised and explained, specifically as to the persons attending the mediation and the capacity of the same," including Mr. Silk. [D.E. 77]. Defendant, at that time, did not object, even after Plaintiffs invited objection. [D.E. 77]. It was not until the actual mediation commenced that Defendant Old Republic voiced any concern regarding Mr. Silk. Finally, Plaintiffs note that the mediator did not report non-attendance or other improper conduct by Plaintiffs, nor did the mediator recommend sanctions against Plaintiffs. Consequently, Plaintiffs argue that Defendant Old Republic's Motion for Sanctions be denied. [D.E. 77].

4. Defendant Old Republic did not reply to Plaintiffs' response.

5. A court has the inherent power to direct parties to produce individuals with full settlement authority at pretrial settlement conferences. *In re Novak*, 932 F.2d 1397, 1407 (11th Cir. 1991) ("[t]he power to direct parties to produce individuals with full settlement authority at pretrial settlement conferences is inherent in the district courts."). Pursuant to Rule 16, Fed. R. Civ. P., Local Rule 16.2, S.D. Fla., authorizes the court to refer parties to mediation for the purpose of encouraging

settlement and requires that "all parties, corporate representatives, and any other required claims professionals (insurance adjusters, etc.) shall be present at the mediation conference with full authority to negotiate the settlement." Local Rule 16.2 further specifies that "failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court." S.D.Fla.16.2(E).

6. In this case, the parties were directed to mediation by this Court's November 9, 2006 Order [D.E. 16], which finally took place on October 11, 2007. It is undisputed that on this day, present at the mediation were the following people: appearing on behalf of Defendant Old Republic, were corporative representative Donna M. Roberts and counsel for Old Republic, Robert A. Cohen, Esq., and Aaron C. Wong, Esq., and Defendant GMC Land Services, Inc., d/b/a/ Richmond Abstract was Lawrence A. Saichek, Esq., and appearing on behalf of Plaintiffs were Alan S. Rosenberg, Esq., and John Silk, Esq. [D.E. 73, A]. What is disputed is whether the presence of John Silk, Esq., met the requirements of providing a corporate representative and any other required claims professionals with proper settlement authority to attend the mediation on behalf of Plaintiffs.

7. The Court finds that the presence of John Silk at the mediation met these requirements. Based on the representations of Plaintiffs, Defendant Old Republic had knowledge prior to the mediation that Mr. Silk would be the claims profession representing Plaintiffs at the mediation and that he had full settlement authority at the time of the mediation. Even if Defendant Old republic did not ascertain Mr. Silks's settlement authority through a review of the Rule 26 Initial Disclosures [D.E. 77, Ex. C] or the document identified as "Policy Services Liability Policy" [D.E. 77, Ex. B], prior to the October 11, 2007 mediation, Plaintiffs' counsel represented that it contacted Defendant directly regarding Mr. Silk and his settlement authority and that Defendant stated it had

no objections on October 9, 2007.  Additionally, the fact that Mr. Silk is an attorney does not exclude him from representing the interests of Plaintiffs as a claims professional, as he is not and was not at the time of the mediation counsel of record.  In furtherance of its position, Plaintiffs submitted a notarized affidavit of Mr. Doune Robinson, who additionally supported Mr. Silk's settlement authority on behalf of Plaintiffs prior to and at the time of the mediation.  The Court also notes that the record is devoid of any allegations on the part of the mediator that Plaintiffs failed to participate in the mediation in good faith or that they otherwise engaged in inappropriate conduct.  Defendants did not file a reply to Plaintiffs' Response, and have provided no evidence to dispute Plaintiffs' representations.  On this record, there is no reason to sanction Plaintiffs.

8. Accordingly, It is hereby **ORDERED** that Defendant Old Republic's Motion for Sanctions as requested in its Reply to Plaintiffs' Response to Court's Order to Show Cause [D.E. 73] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 5th day of November, 2007.

_____
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable William P. Dimitrouleas
      Counsel of Record